### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DMITRI ALI DAVIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. CIV-09-517-HE |
| ) | |
| **OKLAHOMA COUNTY,** ) | |
| ) | |
| **Respondent.** ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been assigned to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, it is recommended that the action be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

The petition raises a challenge to Petitioner's conviction in 2007 pursuant to a plea of guilty to the felony offense of failure to register as a sex offender in Case No. CF-2004-4178, District Court of Oklahoma County. According to Petitioner, he was sentenced to a five-year term, with one year to be served in the custody of the Oklahoma Department of Corrections and four years to be served on probation. Petition, p. 2.[1] Petitioner states that he waived his right to appeal his conviction, and he acknowledges that his sole claim for

---

[1] The form petition begins on page two.

habeas relief - that his conviction acted either as a bill of attainder or an application of ex post facto law - has not been presented to the state courts. *Id.*, pp. 6, 12. As relief, Petitioner requests that the Court "remove the felony conviction from [his] record and terminate [his] probation." *Id.*, p.15.[2]

## I. Prior Federal Habeas Action

Petitioner has previously sought federal habeas relief in this court pursuant to 28 U.S.C. § 2254 regarding the conviction he challenges in this current habeas action. *See* Docket, United States District Court for the Western District of Oklahoma, Case No. CIV-09-217-M. In that prior habeas action, filed on February 24, 2009, Petitioner raised the same claim he raises in the present action – that his conviction in Case No. CF-2004-4178 was in effect an unconstitutional bill of attainder and an ex post facto law as applied to him. *See* Docket, Case No. CIV-07-217-M, Petition [Doc. No. 1], p. 6. That petition was dismissed as untimely filed based on the applicable statute of limitations, 28 U.S.C. § 2244(d). *Id.*, Order adopting the Report and Recommendation and dismissing the petition (March 24, 2009) [Doc. No. 6]; and Judgment [Doc. No. 7].

## III. Analysis

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore

---

[2]From this statement and Petitioner's notification of an address change, it appears that he is currently on probation status, which satisfies the "in custody" requirement of § 2254. *See Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief.").

a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement for prior authorization is jurisdictional. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997 (*per curiam*) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

The Tenth Circuit has held that a petition which was dismissed without prejudice and not adjudicated on the merits does not count as a first petition for purposes of determining whether later petitions are "second or successive." *See Douglas v. Workman*, 560 F.3d 1156, 1188, n. 18 (10th Cir. 2009). However, the dismissal of a previous habeas petition on grounds of untimeliness has been held to be a disposition on the merits which triggers the requirement for prior authorization. *See Parker v. Dinwiddie*, No. 07-6180, 2007 WL 4290003, *1 (10th Cir. Dec. 7. 2007) (unpublished).[3]  Given the denial of Petitioner's previous habeas petition as untimely, the instant petition is a second petition for purposes of § 2244(b). Petitioner does not assert nor does the record reflect that the Tenth Circuit Court of Appeals has previously authorized the filing of his petition in this Court. *See* 28 U.S.C. §2244(b)(3)(A).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required

---

[3]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit and recommends instead that the petition be dismissed. As the Tenth Circuit has noted, "[w]here there is 'no risk' that a meritorious second claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *In re Cline*, 531 F.3d at 1252. This is such a case because the claim raised by Petitioner has previously been determined to be time-barred which the record reflects it clearly is. Nor has Petitioner alleged that his claim is based on an intervening change in law or on new evidence as required by §2244(b)(2). Accordingly, the undersigned finds that the interest of justice does not require transfer of this action. *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

It is therefore recommended that the petition be dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order authorizing the district court to consider his second or successive application for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

**RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition be dismissed without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 21st day of September, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of August, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE